IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARIETTA SAMPSON,                     )
                                      )
        Plaintiff,                    )     Civil Action No. CV204-187
                                      )
 vs.                                  )
                                      )
EQUIFAX INFORMATION SERVICES,         )
LLC,                                  )
                                      )
        Defendant.                    )

**REPLY BRIEF IN SUPPORT
OF EQUIFAX'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Equifax Information Services LLC ("Equifax") and submits this Reply Brief in Support of its Motion for Summary Judgment, respectfully showing the Court as follows:

**I.      PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CASE OF A VIOLATION OF THE FAIR CREDIT REPORTING ACT.**

Plaintiff cannot establish a prima facie case under the FCRA and, therefore, Equifax is entitled to judgment as a matter of law. To state a prima facie case for a violation of the FCRA, Plaintiff must establish that: 1) inaccurate information was included in her credit report; 2) this inaccuracy was due to Equifax's failure to follow reasonable procedures to assure maximum possible accuracy; 3) she suffered injury; and 4) this injury was caused by Equifax's inclusion of the inaccurate entry on her credit report. Enwonwu v. Trans Union, LLC, 364 F. Supp. 2d 1361, 1365 (N.D. Ga. 2005) (citing Cahlin v. GMAC, 936 F.2d 1151, 1160-61 (11th Cir. 1991)).

Plaintiff has completely failed to carry her burden of proof in this case. She cannot show that the credit file entries she disputed were inaccurate. She cannot produce any evidence of injury, such as credit denials or higher interest rates or emotional damages. Finally, Plaintiff has

offered no evidence, other than her own affidavit which essentially parrots the claims in her Complaint, that Equifax is in any way responsible for any alleged damages. Consequently, Plaintiff has failed to satisfy any of the elements of a prima facie case necessary to avoid summary judgment on an FCRA claim.

## II. THE DISPUTED ACCOUNTS WERE VERIFIED BY PLAINTIFF'S CREDITORS AS ACCURATE AND BELONGING TO PLAINTIFF.

Plaintiff's entire argument in support of her claims is that Equifax did not contact Plaintiff's creditors, Providian and The Money Tree, about the accounts she disputed until after she filed this action. Equifax does not dispute this fact. Any implication by Plaintiff that Equifax is attempting to avoid this issue is completely baseless. Plaintiff claims she sent correspondence to Equifax on or about March 18, 2004, demanding, without explanation as to why, that three particular credit items be removed from her credit report. Equifax has no record of receiving Plaintiff's correspondence and, therefore, did not conduct a reinvestigation by contacting the relevant creditors regarding Plaintiff's disputes. Plaintiff's insistence now that Equifax must present some explanation for why it has no record of receiving Plaintiff's dispute is misplaced. Equifax simply did not process Plaintiff's dispute because it did not receive it. There is no conspiracy and Equifax admits that it did not reinvestigate Plaintiff's disputes following her alleged initial correspondence.

Moreover, in December 2004, Equifax first became aware of Plaintiff's disputes and conducted an appropriate reinvestigation of each relevant credit item. Again, Plaintiff insists that Equifax somehow failed to comply with the FCRA by not immediately contacting Plaintiff's creditors upon being served with her lawsuit. There simply is no such requirement under the FCRA. Nonetheless, Equifax did reinvestigate Plaintiff's disputes with her creditors, and the Providian and The Money Tree accounts were verified by Plaintiff's creditors as accurate and

2

belonging to Plaintiff. Equifax did delete a Unifund Corp. collection item arising out of the underlying Providian account despite the verification of that debt, because Unifund failed to respond to Equifax's reinvestigation request.

The bottom line for all of these events is that even though Equifax did not reinvestigate Plaintiff's disputes until approximately a year after she allegedly mailed them, the Providian and The Money Tree debts were verified in 2005 as accurate and belonging to Plaintiff and, quite obviously, belonged to Plaintiff the entire time. Additionally, the Unifund collections item was not deleted because of an inaccuracy. In fact, as it arose out of the verified Providian debt, it presumably was accurate and was only deleted because Unifund failed to respond to Equifax's reinvestigation request. Accordingly, any alleged delay by Equifax in reinvestigating Plaintiff's disputes caused absolutely no harm to Plaintiff.

The relevant accounts were verified as Plaintiff's and accurate and would have been so verified had Equifax contacted Providian and The Money Tree in March 2004. Indeed, had Equifax reinvestigated the Unifund Corp. collection item in 2004, Unifund may have responded and likely would have verified the entry. However, because Unifund did not respond when Equifax reinvestigated, Plaintiff received the benefit of having a presumptively accurate collections entry removed from her credit file. Consequently, Plaintiff's reliance on Equifax's failure to reinvestigate in March 2004 is immaterial and an insufficient basis to preclude summary judgment. Clearly, as the disputed entries were verified, there is no basis for statutory damages for Equifax's alleged failure to investigate Plaintiff's dispute in 2004. It would be utterly nonsensical for Plaintiff to recover monetary damages because Equifax failed to timely reinvestigate accounts that were ultimately verified as accurate and belonging to Plaintiff.

## III. PLAINTIFF HAS FAILED TO PRODUCE ANY EVIDENCE OF DAMAGES AND CANNOT ESTABLISH THAT EQUIFAX IS LIABLE FOR ANY ALLEGED INJURY.

Even assuming that the disputed entries had not been verified and were inaccurate, Plaintiff still cannot prove a prima facie case for violation of the FCRA and, thus, cannot avoid summary judgment. It is Plaintiff's burden to demonstrate that she suffered actual damages and that such damages were attributable to conduct by Equifax. Cahlin, supra at 1160-61. Plaintiff has completely failed to do so. Plaintiff claims her affidavit demonstrates she has suffered cognizable harm; however, she has produced no evidence for her conclusory allegations. Plaintiff states that she has "been denied credit on several occasions due to the Equifax credit report reporting erroneous information concerning me." However, Plaintiff has not produced evidence of a single credit denial, higher interest rate, or other adverse action to support her claims in this case. In fact, she has not even identified the credit grantors from whom she allegedly received such denials.

Moreover, even assuming that Plaintiff could present evidence of actual damages in support of her claims, she cannot possibly demonstrate the causal link between such alleged damages and Equifax's conduct necessary to avoid summary judgment. Plaintiff's credit report contains so many derogatory entries that even assuming that the Providian and The Money Tree entries were inaccurate, no reasonable trier of fact could determine that their inclusion on her credit report was a substantial factor in any alleged damages. Plaintiff's credit report contains multiple undisputed derogatory entries, including charged-off accounts and collections accounts for unpaid debts and a repossession. Given the overall state of her credit file, Plaintiff's claim, without any corroboration, that the disputed entries harmed her is disingenuous. Simply stated, Plaintiff's problems are of her own doing.

In Enwonwu, a strikingly similar case, the court recently held that summary judgment was appropriate because, among other reasons, the plaintiff's credit report was so replete with derogatory entries, including a foreclosure and charged-off account, that "no reasonable trier of fact could infer that the inaccurate entry of plaintiff's TransUnion credit report was a substantial factor in bringing about plaintiff's alleged injuries." Enwonwu, supra at 1367. Consequently, the plaintiff could not, as a matter of law, sustain his burden of showing that his alleged damages were attributable to the defendant, given the undisputed derogatory entries on his credit file.

Here, Plaintiff can no more carry her burden than the plaintiff in Enwonwu. She has presented no direct or circumstantial evidence that she suffered any injury and cannot demonstrate that any such alleged damages are attributable to conduct by Equifax. As the court reiterated in Enwonwu, in FCRA cases, "the burden of proving causation remains with the plaintiff at all times and never shifts to the defendant." Id. at 1366. Here, Plaintiff can neither prove the existence of damages nor any causal link between alleged damages and conduct by Equifax.

Plaintiff's claim for emotional damages fails for the same reasons. Plaintiff has produced no evidence of such damages other than her own allegations and is unable to substantiate a causal link between any such injury and conduct by Equifax. Moreover, she cannot recover from Equifax for "shame, embarrassment, and humiliation" due solely to her own financial irresponsibility. As with her other claims, the only basis presented by Plaintiff for an award of emotional damages is her conclusory and completely unsubstantiated affidavit. Summary judgment is wholly proper as to this claim given the absence of corroborative evidence and the numerous undisputed derogatory entries on Plaintiff's credit report.

Finally, Plaintiff's claim that she is entitled to punitive damages in this case is completely baseless. Plaintiff's only stated basis for this claim is Equifax's alleged delay in reinvestigating her disputes, and she complains that "Equifax does not at least report that the Plaintiff disputes the Money Tree and Providian accounts." Plaintiff's argument completely ignores the fact that Providian and The Money Tree verified the disputed credit entries as accurate and belonging to Plaintiff when Equifax conducted its reinvestigation.

Again, it stands to reason, of course, that as the entries were verified in 2005, they would have been verified in March 2004 had Equifax contacted Providian and The Money Tree when Plaintiff alleges she initially mailed her disputes. Consequently, Plaintiff's claim for damages is moot and certainly cannot serve as the basis for a finding of willfulness. Moreover, the FCRA does not require that Equifax include a notation in Plaintiff's credit report that she disputes these entries.

Plaintiff's lengthy exposition as to the alleged inapplicability of cases cited by Equifax in support of its summary judgment motion is similarly misguided. Plaintiff's contention that Cahlin is not relevant to this case because "Plaintiff's Affidavit establishes that she did in fact suffer harm as a result of the failure of Equifax to follow the law" assumes facts not in evidence. Summary judgment was affirmed in Cahlin exactly because the plaintiff failed to produce any evidence, other than his own affidavit, "tending to show that he was damaged as a result of an allegedly inaccurate" credit report. Cahlin, supra at 1160-61. Similarly, in Enwonwu, the court specifically held that no reasonable trier of fact could find for the plaintiff where the only "evidence" of the plaintiff's damages was his own affidavit and his credit report which contained other, undisputed adverse information. Enwonwu, supra at 1366-67.

ATLLIB01 2056735.1

Plaintiff's claim that Equifax cited Hyde v. Hibernia Natl. Bank, 861 F.2d 446 (5th Cir. 1988), in error for the proposition that Plaintiff should not be able to recover nominal damages without a showing of actual harm is similarly inaccurate. Moreover, Plaintiff ignores the fact that her creditors verified the disputed entries as accurate.

Finally, Plaintiff's attempt to discredit the affidavit of Lisa Willis cited in support of Defendant's motion is similarly meritless. Ms. Willis's affidavit is not "based upon hearsay," but rather goes to her personal knowledge of Equifax's operations and the handling of Plaintiff's credit file, including the numerous undisputed derogatory entries contained therein. Plaintiff's complaint that Ms. Willis was not identified in discovery as someone with relevant knowledge offers no basis for disallowing her testimony. Plaintiff had every opportunity to depose Equifax representatives and failed to do so. In fact, Plaintiff's counsel cancelled such a deposition the day that it was to take place and never attempted to reschedule it. Plaintiff's failure to conduct discovery may not serve as a basis to discredit Defendant's witness. Plaintiff had the opportunity to depose Defendant as to all of the information included in Ms. Willis' affidavit and chose not to do so. Consequently, Ms. Willis's affidavit is properly before the Court in support of Defendant's summary judgment motion.

## CONCLUSION

Summary judgment is warranted because Plaintiff cannot establish the *prima facie* elements of a claim under the Fair Credit Reporting Act. The accounts Plaintiff has disputed were verified by Equifax with her creditors, Plaintiff has failed to produce any evidence of damages and, given the numerous undisputed derogatory entries on her credit report, she cannot establish the requisite causal link between any alleged damages and conduct by Equifax.

7

WHEREFORE, Equifax respectfully requests that the Court grant its Motion for Summary Judgment, and dismiss Equifax from this matter.

This 27th day of July, 2005.

                                      Respectfully submitted,

                                      EQUIFAX INFORMATION SERVICES LLC

                                      Brian K. Epps, Esq.
                                      Georgia Bar No. 231459
                                      Kilpatrick Stockton LLP
                                      Post Office Box 2043
                                      Augusta, Georgia 30903
                                      (706) 724-2622

OF COUNSEL:
Amy Greenstein, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF EQUIFAX'S MOTION FOR SUMMARY JUDGMENT by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

> W. Douglas Adams, Esq.
> 1829 Norwich Street
> Post Office Box 857
> Brunswick, Georgia 31521-0857

This 27th day of July, 2005.

Brian K. Epps, Esq.
Georgia Bar No. 231459
Kilpatrick Stockton LLP
Post Office Box 2043
Augusta, Georgia 30903
(706) 724-2622

*Counsel for Defendant Equifax Information Services LLC*

ATLLIB01 2056735.1